25-511-cv
*Carlisle v. Bd. of Trs. of the Am. Fed'n of the N.Y. State Teamsters Conf. Pension & Ret. Fund*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand twenty-five.

Present:

> GUIDO CALABRESI,
> DENNY CHIN,
> EUNICE C. LEE,
> *Circuit Judges*.

---

ROBERT CARLISLE, individually and as a representative of a class of similarly situated persons, on behalf of the NEW YORK STATE TEAMSTERS CONFERENCE PENSION AND RETIREMENT FUND,

*Plaintiff-Appellant*,

v.                                                                          25-511-cv

THE BOARD OF TRUSTEES OF THE AMERICAN FEDERATION OF THE NEW YORK STATE TEAMSTERS CONFERENCE PENSION AND RETIREMENT FUND; JOHN BULGARO; BRIAN K. HAMMOND; PAUL A. MARKWITZ; GEORGE F. HARRIGAN; MARK D. MAY; MICHAEL S. SCALZO, SR.; ROBERT SCHAEFFER; MARK GLADFELTER; SAMUEL D. PILGER; DANIEL W. SCHMIDT; TOM J. VENTURA; MEKETA INVESTMENT GROUP, INC.; and HORIZON ACTUARIAL SERVICES, LLC,

*Defendants-Appellees*.

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | STEVEN A. SCHWARTZ, Chimicles Schwartz Kriner & Donaldson-Smith LLP, Haverford, PA (Robert J. Kriner, Jr., Chimicles Schwartz Kriner & Donaldson-Smith LLP, Wilmington, DE, *on the brief*). |
| FOR DEFENDANTS-APPELLEES THE BOARD OF TRUSTEES OF THE AMERICAN FEDERATION OF THE NEW YORK STATE TEAMSTERS CONFERENCE PENSION AND RETIREMENT FUND; JOHN BULGARO; BRIAN K. HAMMOND; PAUL A. MARKWITZ; GEORGE F. HARRIGAN; MARK D. MAY; MICHAEL S. SCALZO, SR.; ROBERT SCHAEFFER; MARK GLADFELTER; SAMUEL D. PILGER; DANIEL W. SCHMIDT; and TOM J. VENTURA: | JEREMY P. BLUMENFELD, Morgan, Lewis & Bockius LLP, Philadelphia, PA (Michael E. Kenneally, Morgan, Lewis & Bockius LLP, Washington, D.C., Sean K. McMahan, Morgan, Lewis & Bockius LLP, Dallas, TX, *on the brief*). |
| FOR DEFENDANT-APPELLEE MEKETA INVESTMENT GROUP, INC.: | SAMUEL N. RUDMAN (Kevin J. Finnerty, Derek H. Farquhar, *on the brief*), Choate, Hall & Stewart LLP, Boston, MA. |
| | Eric G. Serron, Steptoe LLP, Washington, D.C. |
| FOR DEFENDANT-APPELLEE HORIZON ACTUARIAL SERVICES, LLC: | EDWARD J. MEEHAN, Groom Law Group, Chartered, Washington, D.C. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Brenda K. Sannes, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Robert Carlisle appeals an order of the district court (Sannes, *C.J.*) dismissing his putative class action complaint (the "Complaint") pursuant to Federal Rule of Civil

2

Procedure 12(b)(6). Carlisle is a participant in the New York State Teamsters Conference Pension and Retirement Fund (the "Plan"), a multiemployer defined-benefit pension plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Carlisle brought claims, individually and on behalf of other Plan participants, against the Plan's Board of Trustees and various past and current trustees (the "Trustees"), the Plan's financial advisor Meketa Investment Group, Inc. ("Meketa"), and the Plan's actuary Horizon Actuarial Services, LLP ("Horizon"). He also sued them all ("Defendants") collectively for breach of fiduciary duties under ERISA. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we refer to only as necessary to explain our decision.

On appeal, Carlisle asserts that the district court erred in concluding that the Complaint fails plausibly to allege that Defendants breached fiduciary duties under ERISA by "gambl[ing]" on high-risk investments in an "imprudent attempt to address the Plan's rapidly deteriorating funding condition." Appellant's Opening Br. at 1. Defendants argue that dismissal was warranted for lack of subject matter jurisdiction or, as the district court found, for failure to state a claim. We conclude that the district court properly dismissed the Complaint on the ground that it fails plausibly to allege breach of fiduciary duty against any of the Defendants. Accordingly, we affirm.

## I.      Subject Matter Jurisdiction

Defendants contend that there is no subject matter jurisdiction, either because Carlisle lacked Article III standing when he filed the Complaint or because his claims have since been mooted. We conclude that subject matter jurisdiction exists here.

First, we find that Carlisle met the requirements for Article III standing when he filed the Complaint. "To establish standing under Article III of the Constitution, a plaintiff must

3

demonstrate (1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Thole v. U.S. Bank N.A.*, 590 U.S. 538, 540 (2020). On appeal, no party seriously contests that Carlisle pled an injury in fact by alleging that his pension benefits were suspended by the Plan due to its poor financial condition. Defendants, citing *Thole*, nevertheless contend that Carlisle lacked Article III standing because the relief sought in the Complaint would only redress harm to the Plan, not harm to Carlisle as an individual plan participant. Defendants' reliance on *Thole* is misplaced. That case—which recognized that an ERISA plan participant who never suffered "any monetary injury" does not establish an injury in fact, *id.* at 540–41—nowhere held that a remedy that redresses harm to an ERISA plan cannot also redress harm to a participant. Here, the Complaint sought equitable and injunctive relief to improve the Plan's financial condition and, consequently, to improve Carlisle's prospects of receiving his pension benefits. Thus, Carlisle pled a redressable injury sufficient to confer Article III standing.

Second, we find that Carlisle's claims are not moot. "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (citation modified). Defendants assert that Carlisle's claims were mooted by the Plan's receipt of funding from the federal government pursuant to the American Rescue Plan Act of 2021. This led to the restoration of Carlisle's pension benefits. But under the "collateral source" rule, courts are prohibited from considering benefits received from third parties in determining the extent of a plaintiff's recovery. *Cunningham v. Rederiet Vindeggen*

4

*A/S*, 333 F.2d 308, 316 (2d Cir. 1964); *see, e.g.*, *Ebert v. City of New York*, No. 04-cv-9971, 2006 WL 3627103, at *1–2 (S.D.N.Y. June 26, 2006).[1]

## II.    Failure to State a Claim

We therefore turn to whether the Complaint was properly dismissed for failure to state a claim upon which relief can be granted. "We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Mazzei v. The Money Store*, 62 F.4th 88, 92 (2d Cir. 2023) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation modified). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

We conclude that the allegations in the Complaint, construed in the light most favorable to Carlisle, are inadequate to state a claim. Carlisle does not sufficiently allege that Horizon had fiduciary duties under ERISA. And while the Trustees and Meketa were ERISA fiduciaries, Carlisle does not plausibly allege that they breached their fiduciary duties.

---

[1] In addition to Article III standing and mootness, Defendants argue that the Complaint fails for a third "threshold problem[]" that ERISA, as amended by the Multiemployer Pension Reform Act of 2014 ("MPRA"), bars claims brought by plan participants "affected by" a suspension of benefits. Trustees' Br. at 3, 5 (citing 29 U.S.C. § 1085(e)(9)(I)(iii)). That is a merits issue and not a question of subject matter jurisdiction. *See, e.g.*, *Carlson v. Principal Fin. Grp.*, 320 F.3d 301, 306 (2d Cir. 2003). Because we affirm based on the Complaint's failure plausibly to allege breach of fiduciary duty, we need not reach this or any other merits issue.

5

**A. Whether Horizon Was an ERISA Fiduciary**

To state a fiduciary breach claim under ERISA, a plaintiff must establish that the defendant was acting as a fiduciary of the plan when it took the actions subject to the complaint. *See, e.g., Massaro v. Palladino*, 19 F.4th 197, 211 (2d Cir. 2021). An ERISA fiduciary is one who (i) exercises discretionary authority or discretionary control respecting management of a plan or its assets, (ii) renders investment advice to the plan for a fee, or (iii) has any discretionary authority or discretionary responsibility in the administration of the plan. 29 U.S.C. § 1002(21)(A); *see, e.g., Forgione v. Gaglio*, No. 13-cv-9061, 2015 WL 718270, at *6 (S.D.N.Y. Feb. 13, 2015).

As Carlisle admits, "a plan actuary is not typically a fiduciary" under ERISA. Appellant's Reply Br. at 22–23. And, we conclude that Carlisle's allegations do not establish that Horizon ever acted as a fiduciary. At most, Carlisle's allegations establish that Horizon's actions enabled the Trustees and Meketa to proceed with investments in high-risk asset classes. That is not enough to make Horizon a fiduciary. None of the Complaint's factual allegations establish that Horizon exerted control over the Plan's investment strategy. Nor does Carlisle plausibly allege in any non-conclusory fashion that Horizon became a fiduciary by giving the Plan "investment advice for a fee." Accordingly, we conclude that the facts alleged in the Complaint do not establish that Horizon became an ERISA fiduciary.

**B. Whether the Trustees or Meketa Breached Their Fiduciary Duties Under ERISA**

### 1. Duty of Prudence

The duty of prudence under ERISA requires that a fiduciary act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character

6

and with like aims." 29 U.S.C. § 1104(a)(1)(B). "We judge a fiduciary's actions based upon information available to the fiduciary at the time of each investment decision and not from the vantage point of hindsight." *In re Citigroup ERISA Litig.*, 662 F.3d 128, 140 (2d Cir. 2011) (citation modified).

We conclude that the Complaint does not plausibly allege that the Trustees or Meketa breached the duty of prudence. The Complaint criticizes investment decisions by the Trustees and Meketa to allocate relatively high amounts of Plan assets to private market investments. It does not, however, support a reasonable inference that these decisions were imprudent based on information available "at the time of each investment decision." To be sure, the Complaint alleges that the fiduciaries were aware of the notable risk, volatility, and illiquidity associated with such asset classes. And it asserts that other, similarly situated ERISA plans favored stabler investments. But those allegations do not indicate that the Plan fiduciaries did more than engage in the normal practice of weighing "tradeoffs" and selecting from a "range of reasonable judgments" in the circumstances. *Hughes v. Nw. Univ.*, 595 U.S. 170, 177 (2022). Nor does Carlisle adequately allege that the Plan's investment strategy constituted such an extreme outlier from "peer" multiemployer plans that it was imprudent.[2]

At best, the Complaint suggests the possibility that Meketa was a "conflicted" fiduciary because it served a dual role as both the Plan's nondiscretionary investment advisor and its private markets investments manager. Appellant's Br. at 45. But the Complaint's allegations do not suffice to establish the plausibility of a conflict. For example, Carlisle offers no details that would show

---

[2] Carlisle points out that in another ERISA case proceeding on a substantially similar theory of fiduciary breach based on high-risk investments, the district court found that the complaint passed 12(b)(6) muster. *See Snitzer v. Bd. of Trs. of the Am. Fed'n of Musicians & Emps.' Pension Fund*, No. 17-cv-5361 (S.D.N.Y. Apr. 26, 2018) (unpublished oral ruling). The district court took notice of this bench decision but declined to reach the same result. *Snitzer* is, of course, in no way controlling.

that Meketa could expect to be paid less than the flat fee it received for serving as the Plan's private markets investments manager if it did not maintain a certain allocation of private market investments. Nor do Carlisle's references to Meketa's dealings with other ERISA plans in other circumstances shed any significant light on its incentives for advising this Plan.

We find Carlisle's remaining allegations insufficient to state a claim for breach of the duty of prudence for substantially the same reasons articulated by the district court.

### 2. Duty of Loyalty

Carlisle alleges that Meketa's engagement in its dual role also constituted a breach of the duty of loyalty by both the Trustees and Meketa. For reasons akin to those discussed in the context of the duty of prudence, we conclude that Carlisle does not sufficiently allege that Meketa's dual role breached the fiduciaries' duty of loyalty. Fiduciaries "do not violate their duties . . . by taking action which, after careful and impartial investigation, they reasonably conclude best to promote the interests of participants . . . simply because it incidentally benefits . . . themselves." *Donovan v. Bierwirth*, 680 F.2d 263, 271 (2d Cir. 1982); *see, e.g.*, *Brown v. Daikin Am., Inc.*, No. 18-cv-11091, 2021 WL 1758898, at *5 (S.D.N.Y. May 4, 2021). Here, the Complaint does not plausibly allege that Meketa's dual role or the fiduciaries' investment decisions were for the purpose of benefiting Meketa or any party other than the Plan.

Nor do we find any merit in Carlisle's assertion that the Trustees breached their duty of loyalty by hiring and retaining Horizon. Nothing about Horizon's alleged support of the fiduciaries' investment strategy would independently establish that the fiduciaries acted for the purpose of providing benefits to a party other than the Plan.

8

Accordingly, we conclude that the Complaint fails to state a claim for breach of the duty of loyalty.[3]

*　　*　　*

We have considered all of Carlisle's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

---

[3] On appeal, Carlisle argues that the fiduciaries violated the duty of loyalty by engaging in "prohibited transactions," citing 29 U.S.C. § 1106 and *Cunningham v. Cornell University*, 604 U.S. 693 (2025). As the Supreme Court explained in *Cunningham*, Section 1106 of ERISA "supplements" the duty of loyalty by "categorically barring" self-dealing transactions between an ERISA plan and a fiduciary and/or party in interest. *Id.* at 697. But a Section 1106 prohibited-transactions claim is still a distinct and separate claim from breach of the duty of loyalty under ERISA. *See Cunningham v. Cornell Univ.*, 86 F.4th 961, 970 (2d Cir. 2023), *rev'd on other grounds*, 604 U.S. 693. Because the Complaint does not plead or otherwise mention a prohibited-transactions claim, no such claim is properly before this Court.

9